DAVID FISHMAN, SBN 217608
dfishman@brgslaw.com
ALEC DIMARIO, SBN 309811
adimario@brgslaw.com
INBAL GIRON, SBN 358681
igiron@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436
Telephone: (818) 508-3700
Facsimile: (818) 506-4827

Attorneys for Defendant
EMPLOYER SOLUTIONS STAFFING
GROUP II, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

JESTIN BERTSCH, individually, and on behalf of other similarly situated employees,

Plaintiff,

vs.

MOLDEX-METRIC, INC.; EMPLOYER SOLUTIONS STAFFING GROUP II, LLC; and DOES 1 through 25, inclusive,

Defendant.

Case No. 26STCV21102

**DEFENDANT EMPLOYER SOLUTIONS STAFFING GROUP II. LLC'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

*[Filed concurrently with:*
1. *Civil Cover Sheet;*
2. *Giron Declaration;*
3. *Mussell Declaration;*
4. *Jang Declaration;*
5. *Notice of Interested Parties; and*
6. *Statement of Corporate Disclosure.]*

(Los Angeles Superior Court, Case No. 26STCV21102)

Action Filed: July 1, 2026
Trial Date: None Set

/ / /

/ / /

/ / /

/ / /

/ / /



BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Employer Solutions Staffing Group II, LLC's ("ESSG") hereby removes the above-captioned action brought by Plaintiff Jestin Bertsch ("Plaintiff") in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1441 and 1446. Removal is proper as stated below.

## I. BACKGROUND

1. On July 1, 2026, Jestin Bertsch commenced this action by filing a class action complaint in the Superior Court for the State of California, County of Los Angeles, *Bertsch v. Moldex-Metric, Inc.; Employer Solutions Staffing Group II, LLC*., Case No. 26STCV21102 ("Complaint"). *See* Exhibit A ("Compl.") to the Declaration of Inbal Giron in support of Notice of Removal ("Giron Decl.¶ 2").

2. On July 23, 2026, Plaintiff served Defendant Moldex-Metric Inc.'s ("Moldex") agent for service of process with a copy of the Summons and Complaint. ("Giron Decl.¶ 3").

3. On August 6, 2026, Plaintiff served ESSG's agent for service of process with a copy of the Complaint (Exh. A) Summons (Exh. B). Giron Decl. ¶ 4.

4. In the operative Complaint, Plaintiff asserts the following causes of action: (1) Failure to Pay Minimum Wages (Lab. Code §§ 1197, 1197.1); (2) Failure to Pay Overtime Wages (Lab. Code §§ 510, 1198); (3) Failure to Provide Meal Periods (Lab. Code §§ 512(a)); (4) Failure to Provide Rest Periods (Lab. Code § 226.7; applicable Wage Orders); (5) Failure to Timely Pay Wages (Lab. Code §§ 204, 210); (6) Wage Statement Violations (Lab. Code § 226(a)); (7) Waiting Time Penalties (Lab. Code §§ 201, 202, 203); (8) Failure to Indemnify (Lab. Code §§ 2800,

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

2802); and (9) Unfair Competition (Bus. & Prof. Code §§ 17200–17208). (*See* Compl.)

5. Before filing ESSG's Notice of Removal, ESSG's counsel reviewed the Los Angeles County Superior Court's online docket regarding the above-captioned action. Based on that review, and to the best of ESSG's counsel's knowledge, the foregoing Complaint, and the pleadings and documents attached to the Giron Declaration as Exhibits A–E, constitute all of the process, pleadings, orders, and other documents received by ESSG and/or filed in the state court action in Los Angeles County Superior Court. (*See* Giron Decl. ¶ 9.)

6. Defendant Employer Solutions Staffing Group II, LLC. was served on August 6, 2026, but has not yet appeared in this action. (Giron Decl. ¶ 4.) ESSG, as of the time of this filing, understands that Moldex will consent to the removal of the action. See Giron Decl., ¶ 7. ESSG is unaware of any other parties that have been named or served with the Summons and Complaint in this matter. (*See* Giron Decl., ¶ 10.) Because the "Doe" Defendants have not been served, they need not join or consent to ESSG's Notice of Removal. *Community Bldg. Co. v. Maryland Casualty Co.*, 8 F.2d 678, 678- 79 (9th Cir. 1925) (named defendant not yet served in state court action need not join in the notice of removal); *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1426, 1429 (9th Cir. 1984) (same).

## II. <u>REMOVAL IS TIMELY</u>

7. Under 28 U.S.C. § 1446(b), a defendant may remove a civil action within thirty (30) days after service of the initial pleading, or within thirty (30) days after receipt, through service or otherwise, of an amended pleading, motion, order, or other paper from which it may first be ascertained that the action is removable.

8. ESSG's removal is timely under 28 U.S.C. § 1446(b) for at least two independent reasons.

a. First, ESSG was served with the Summons and Complaint through its agent for service of process on August 6, 2026. (Giron Decl. 4.)

Assuming this action was removable based solely on a facial review of the Complaint on that date, the thirty-day removal period would expire on September 3, 2026 at the earliest. This Notice of Removal is therefore timely.

b. Second, and independently, removability was not apparent from the face of the Complaint because Plaintiff did not allege that the amount in controversy exceeds $5,000,000. *See Sevag Chalian v. CVS Pharmacy Inc.*, No. CV 16-08979-AB (AGRx), 2017 WL 1377589, at *2 (C.D. Cal. Apr. 11, 2017). ESSG did not ascertain that the action was removable until August 26, 2026, when it reviewed data related to the putative class as alleged in this action. Removal is timely under either analysis. (Giron Decl., ¶ 11.)

9. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(b), because the state court action was filed within this District and the events giving rise to the claims occurred here.

10. Pursuant to 28 U.S.C. § 1446(d), ESSG is providing written notice of this Notice of Removal to all parties and is filing a copy with the Clerk of the Superior Court of California, County of Los Angeles. Proof of service will be filed with this Court.

## III. REMOVAL IS PROPER UNDER CAFA

11. The Class Action Fairness Act ("CAFA") confers original jurisdiction on federal district courts over civil class actions in which: (1) the proposed class consists of at least 100 members; (2) any member of the putative class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (d)(5)(B).

12. This Court has jurisdiction over this case under CAFA, and this case may be removed pursuant to 28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class consists of at least 100 members; (2) ESSG is not a State, State official or other governmental entity; (3) there is minimal diversity, such

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

that at least one class member is a citizen of a state different from any named defendant (ESSG); and (4) the aggregate amount in controversy for all class members exceeds $5 million, exclusive of interest and costs.

**A. <u>The Proposed Class Consists of More Than 100 Members</u>.**

13. This action satisfies CAFA's numerosity requirement that the putative class contains at least 100 members. 28 U.S.C. § 1332(d)(5)(B).

14. Specifically, Plaintiff brings this action pursuant to California Code of Civil Procedure section 382 and seeks to represent a "class of all current and former non-exempt employees who worked for Defendants in the State of California at any time during the period from four (4) years prior to the date of filing of this complaint through final judgment." (the "Class")." (Compl., ¶ 25.)

15. Based on Defendants' employment records, and without conceding the propriety of Plaintiff's class definition or class period, there were approximately 584 unique non-exempt Moldex employees employed in California between July 1, 2022 and present, and approximately 67 unique non-exempt ESSG employees assigned to Moldex employed in California between July 1, 2022 and September 1, 2026. Declaration of Niki Mussell ("Mussel Decl."), ¶ 6, and Declaration of Virginia Rebollo ("Rebollo Decl.") ¶ 5. Because Plaintiff alleges a class period extending from July 1, 2022 through the present, the total number of putative class members necessarily exceeds that figure, and will continue to grow as this action proceeds.

16. Accordingly, while ESSG and Moldex deny that class certification is appropriate or that Plaintiff's claims have merit, the proposed class plainly consists of well over 100 members, satisfying CAFA's numerosity requirement.

**B. <u>No Defendant Is a Governmental Entity</u>.**

17. CAFA excludes from its scope class actions in which the "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A).

18. That exclusion does not apply here. ESSG is a private entity and is not a

State, State official, or other governmental entity within the meaning of § 1332(d)(5)(A). (Mussell Decl. ¶ 7.)

19. That exclusion does not apply here. Moldex-Metric, Inc. is a private entity and is not a State, State official, or other governmental entity within the meaning of § 1332(d)(5)(A). (Rebollo Decl. ¶ 6.)

**C. <u>CAFA's Minimal Diversity of Citizenship Requirement Is Satisfied</u>.**

20. CAFA confers federal jurisdiction over class actions in which, among other requirements, "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Unlike traditional diversity jurisdiction under 28 U.S.C. § 1332(a), CAFA requires only minimal diversity. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005). Minimal diversity is satisfied here. Indeed, complete diversity exists.

21. For purposes of diversity jurisdiction, an individual is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Citizenship is determined as of the time the action is filed. *See LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place where the individual resides with the intent to remain or to which the individual intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

22. **Plaintiff Is a Citizen of California**. Plaintiff alleges in the operative Complaint that he is "an individual residing in the State of California." (Compl. ¶ 9.) An allegation of residence gives rise to a rebuttable presumption of domicile for purposes of diversity jurisdiction. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519–20 (10th Cir. 1994); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. Mar. 14, 2008). Citizenship is determined at the time the action is filed. In addition, throughout his employment, Plaintiff provided ESSG with a California residential address. (Mussell Decl., ¶ 9.) There is no indication Plaintiff was domiciled elsewhere at the time this

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

action was filed. Accordingly, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

23. **ESSG Is Not A Citizen of California**. A limited liability company's citizenship is determined based on the citizenship of each of its members. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (9th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP* (9th Cir. 2006) 437 F.3d 894, 899. Defendant ESSG is, and was at the time this lawsuit was filed, a Minnesota Limited Liability Company with its corporate headquarters (i.e., its principal place of business) in the State of Minnesota. (Mussell Decl., ¶¶ 8.); Defendant has two individual members, who are citizens of Minnesota and Florida. (Mussell Decl., ¶ 8.) Therefore, Defendant is a citizen of Minnesota and/or Florida for purposes of analyzing diversity jurisdiction. See 28 U.S.C. § 1332(c)(1).

**D. <u>CAFA's Amount in Controversy Requirement Is Satisfied</u>.**

24. CAFA requires that the aggregate amount in controversy in a class action exceed $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In determining whether that threshold is met, the claims of all putative class members are aggregated. 28 U.S.C. § 1332(d)(6).

25. For purposes of determining if the amount in controversy exceeds $5,000,000, this notice of removal must only allege a "plausible" basis for federal court jurisdiction based on the allegations in the operative complaint, and need not be based on evidentiary submissions. *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019); *see also Dart Cherokee Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this limited burden, a defendant's allegations showing the amount in controversy may be based on reasonable assumptions. *Arias*, 936 F.3d at 922. "An assumption may be reasonable if it is founded on allegations in the Complaint." *Id.* at 925; *see also Salter v. Quality Carriers, Inc.,* 974 F.3d 959, 959 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements")

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

(quotations and citations omitted). ESSG's assumptions need not be proven but must only be based on reasonable grounds. *Arias*, 936 F.3d at 927. That is because the amount in controversy is "'simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.'" *Id.* (quotations and citations omitted). Importantly, a plaintiff seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit his recovery in an effort to "avoid removal to federal court." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013).

26. Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F.App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005)). This burden "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Korn,* 536 F.Supp.2d at 1204-05 (citing *Rippee*, 408 F.Supp.2d at 986).

27. Although ESSG denies Plaintiff's claims have any merit, for the purpose of meeting the jurisdictional requirements for removal *only*, if Plaintiff were to prevail on every claim and allegation in the Complaint on behalf of the putative class, the requested monetary recovery would easily exceed $5,000,000, exclusive of costs and interest.

28. Should Plaintiff contest jurisdiction, ESSG is entitled to present evidence demonstrating by a preponderance of the evidence that the amount in controversy

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

requirement is satisfied. *See Dart Cherokee*, 574 U.S. at 87–89; *Arias*, 936 F.3d at 924; *Salter*, 974 F.3d at .

29. **Facts Used to Calculate Amount in Controversy**. Defendant ESSG maintains employment records that, among other things, track the assignment dates for all ESSG employees assigned to Moldex. (Mussell Decl. ¶ 3.) Defendant Moldex maintains employment records that, among other things, track the hire date and termination dates for all employees. (Rebollo Decl. ¶ 2.)

30. Defendants maintain these records for the entire proposed Class Period alleged in the Complaint — July 1, 2022 through the present. (Mussell Decl. ¶ 3, Rebollo Decl. ¶2 .) These records reflect that Moldex employed approximately 584 non-exempt employees in California from July 1, 2022 through present, with an average current or final hourly rate of pay of $23.59. (Rebollo Decl. ¶5.) ESSG employed approximately 67 non-exempt employees assigned to Moldex in California during the July 1, 2022 to September 1, 2026. The average current or final rate of pay for these employees was $16.79 an hour. (Mussell Decl. ¶ 6.) In total, there were approximately 651 employees with a blended hourly rate of pay of $20.19.

31. In total, the 584 Moldex employees worked approximately 41,800 workweeks during that period. (Rebollo Decl. ¶5.) In total, the 67 non-exempt employees assigned to Moldex in California worked approximately 2,191, workweeks during that period. (Mussell Decl. ¶ 6.) Together, Defendants employed approximately 651 non-exempt employees, and the total amount of workweeks is approximately 43,991.

32. Of the 584 direct Moldex employees, approximately 273 were terminated between July 1, 2023 and present — the three-year period preceding the filing of this action. (Rebollo Decl.¶ 5). Of the 67 non-exempt employees assigned to Moldex in California, there were approximately 27 non-exempt ESSG employee assignment cessations at Moldex from July 1, 2023 and present — the three-year period preceding the filing of this action. (Mussell Decl.¶ 6.) The average final hourly

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

rate of pay for those terminated employees at Moldex was $23.59. (Rebollo Decl.¶ .) The average final hourly rate of pay for nonexempt ESSG employees assigned to Moldex in California whose assignment at Moldex ended between July 1, 2023 and September 1, 2026, and the present was $17.11 per hour. (Mussell Decl.¶ 6.) In total, there were approximately 340 employees terminated and/or assignments ceased from Defendants between July 1, 2023 and present, with a blended hourly rate of pay of $20.35.

33. **Minimum Wage Claims**. Plaintiff seeks to recover unpaid minimum wages. Plaintiff alleges that he and other Class Members were frequently suffered or permitted to work "off-the-clock" prior to clocking in or after clocking out for their shifts, such that they were not paid minimum wage for all hours worked. (Compl. ¶¶ 22, 35, 37, 45).

34. **Overtime Wage Claims.** Plaintiff seeks to recover unpaid overtime wages based on Defendants' alleged failure to compensate employees for all hours worked. Specifically, Plaintiff alleges that he and other Class Members regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week, and/or in excess of seven (7) consecutive days in a workweek, and that Defendants did not accurately record Plaintiff and the other Class Members' actual hours worked and intentionally and willfully failed to pay all overtime wages owed to Plaintiff and the other Class Members. (Compl. ¶¶ 22, 35, 37, 45). Defendants' failure to pay correct overtime wages included: (a) when the combined total of the off-the-clock work and the on-the-clock work exceeded the number of hours that trigger the payment of overtime wages (Compl. ¶ 45); (b) when Defendants mischaracterized overtime as straight time (Compl. ¶ 45); and (c) when Defendants assigned more work than could reasonably be completed in a workday or workweek to Plaintiff and Class Members, but refused to authorize the overtime necessary for them to complete the assigned work (Compl. ¶ 45).

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

35. These allegations support the reasonable assumption that each putative class member worked at least 30 minutes of uncompensated overtime per workweek. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 926–27 (9th Cir. 2019) (affirming that an assumption of 30 minutes of unpaid overtime per week is reasonable for amount-in-controversy purposes where the complaint alleges systematic off-the-clock work). Applying 30 minutes of unpaid overtime per workweek at the average hourly rate of $20.35, multiplied by the applicable 1.5 overtime premium, yields a total overtime amount in controversy of no less than **$671,412.64** ($20.35× 0.5 hours × 43,991workweeks × 1.5). (Giron Decl. ¶ 12.)

36. **Meal and Rest Break Claims.** Plaintiff also asserts, on behalf of himself and the putative class, violations of California's meal and rest period laws and seeks premium pay for each violation. The Complaint contains the following allegations:

- "Plaintiff and other Class Members who were scheduled to work for shifts no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes." (Compl. ¶ 53.)

- "Plaintiff and the other Class Members who were scheduled to work for shifts in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes." (Compl. ¶ 54.)

- "Defendants intentionally and willfully required Plaintiff and the other Class Members to work during meal periods and failed to compensate Plaintiff and the other Class Members for work performed during meal periods, including: requiring Plaintiff and Class Members to work through their lunch breaks, permitting and/or requiring Plaintiff and Class Members to take late lunch breaks, permitting and/or requiring Plaintiff and Class Members to take short lunch breaks, interrupting and/or allowing others to interrupt Plaintiff and Class Members during their lunch breaks, failing to relieve Plaintiff and Class Members of all duties during their lunch breaks, and/or restricting Plaintiff and Class Members from leaving the premises during their lunch breaks." (Compl. ¶ 55.)

- "During the relevant time period, Defendants failed to pay Plaintiff and the other Class Members all meal period premiums due pursuant to California Labor Code section 226.7 and 512 and the applicable IWC Wage Order." (Compl. ¶ 56.)

- "Defendants routinely required Plaintiff and the other Class Members to work three and one-half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period per each four (4) hour period, or major fraction thereof, worked." (Compl. ¶ 63.)
- "Defendants willfully required, suffered, and permitted Plaintiff and the other Class Members to work during what should have been their rest periods. Defendants also failed to relieve Plaintiff and the other Class Members of all duties for ten (10) minutes as required for compliant rest breaks." (Compl. ¶ 64.)
- "Defendants had no policy or practice to pay a premium when rest periods were missed, short, late, and/or interrupted, or otherwise failed to comply with California law, and thus Defendants failed to pay Plaintiff and the other Class Members the full rest period premium due to them in violation of California Labor Code section 226.7 and the applicable IWC Wage Order."(Compl. ¶ 67.)

37. These allegations collectively describe a policy-driven practice of denying compliant meal and rest periods across the entire putative class and support a 100% violation rate for amount-in-controversy purposes. Courts in the Ninth Circuit apply a 100% violation rate where, as here, the complaint alleges that the defendant maintained a systematic policy or practice — rather than sporadic incidents — of denying meal and rest periods. *See Feltzs v. Cox Communs. Cal., LLC*, No. SACV192002, 2020 WL 133687, at *4 (C.D. Cal. Jan. 13, 2020) (allegations of "consistently" violating meal periods supported 100% rate); *Giannini v. Nw. Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *3 (N.D. Cal. 2012) (applying 100% rate based on allegations that defendant "routinely" failed to provide meal periods); *Stevenson v. Dollar Tree Stores, Inc.*, No. 2:10-cv-03052-KJM-EFB, 2011 WL 4928753, at *3–4 (E.D. Cal. 2011) (100% rate appropriate where plaintiff alleged class members were "routinely denied" meal periods); *Franke v. Anderson Merchandisers LLC*, No. CV 17-4613-GW(SSx), 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice . . . and where the plaintiff offers no evidence rebutting this violation rate."); *Bell v. CEVA Logistics U.S., Inc.*, No. 5:19-cv-00352-SVW-KK,

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

2019 WL 6357973, at *3 (C.D. Cal. July 15, 2019) (approving 100% rate for on-premises rest break policy); *Herrera v. Signature Flight Support LLC*, No. 2:22-cv-03082-SSS (ARGx), 2022 WL 4225376, at *5–6 (C.D. Cal. Sept. 13, 2022) (on-premises and device-tethering allegations supported 100% rate).

38. Notwithstanding the foregoing, Defendants conservatively apply only a **20% violation rate** for purposes of this jurisdictional calculation — equivalent to one meal period violation per five-day workweek and two rest period violations per five-day workweek. Courts in this Circuit regularly endorse a 20% violation rate — or higher — for CAFA removal calculations when a complaint alleges a pattern or practice of meal and rest period violations, even without specifying the precise frequency of violations. *See Mendoza v. Savage Servs. Corp.*, No. 19-CV-00122-RGK-MAA, 2019 WL 1260629, at *4–5 (C.D. Cal. Mar. 19, 2019) (20% rate routinely accepted where complaint alleges policy or practice of missed breaks without specifying frequency); *Oda v. Gucci Am., Inc.*, No. 2:14-cv-07469-SVW(JPRx), 2015 WL 93335, at *12–13 (C.D. Cal. Jan. 7, 2015) (20% rate reasonable where complaint asserts common policy or practice of non-compliance); *Figueroa v. Multi-Color Corp.*, No. 24-CV-02208-DMR, 2024 WL 3101013, at *4 (N.D. Cal. June 24, 2024) (20% rate reasonable for CAFA removal where complaint alleged policy and practice of violations without specifying frequency); *Chavez v. Pratt (Robert Mann Packaging), LLC*, No. 19-cv-00719-NC, 2019 WL 1501576, at *3 (N.D. Cal. Apr. 5, 2019) (same); *Salatino v. Am. Airlines, Inc.*, 719 F. Supp. 3d 1094, 1103 (N.D. Cal. 2024) (10%–20% rate reasonable where violations occurred as part of broader policy or practice); *Elizarraz v. United Rentals, Inc.*, No. 2:18-CV-09533-ODW(JC), 2019 WL 1553664, at *4 (C.D. Cal. Apr. 9, 2019) (50% meal period and 25% rest period rates reasonable based on "pattern and practice" allegations); *Bridges v. Dealers' Choice Truckaway Sys., Inc.*, No. 2:20-cv-01620-ODW(SKx), 2020 WL 4937505, at *9 (C.D. Cal. Aug. 24, 2020) (50% rate reasonable for CAFA removal).

39. Applying this conservative 20% violation rate — one meal period violation per workweek and two rest period violations per workweek — at the average hourly rate of $20.35, the meal period premium claim contributes **$895,217** to the amount in controversy, and the rest period premium claim contributes an additional **$1,790,000.43**, for a combined meal and rest period amount in controversy of **$2,685,217.43.** (Giron Decl., ¶13 .)

40. **Wages Not Timely Paid.** Plaintiff seeks remedies for Defendants' violations of California Labor Code section 204, including statutory penalties pursuant to California Labor Code section 210(b). Plaintiff asserts on behalf of himself and Class Members, that Defendants failed to timely pay all wages due to them within the period permissible under California Labor Code section 204.

41. **Wage Statement Claim.** In the Sixth Cause of Action, Plaintiff alleges that Defendants knowingly and willfully failed to furnish accurate itemized wage statements to Plaintiff and all Class Members in violation of Labor Code § 226(a). (Compl. ¶¶ 75-80.) Specifically, Plaintiff alleges that as a result of Defendants' failure to pay overtime, failure to pay minimum wages, and meal and rest break violations, Defendants failed to provide Plaintiff and other Class members with complete and accurate wage statements. Plaintiff asserts that Defendants' wage statements failed to accurately reflect gross wages earned, total hours worked, failed to include meal and rest break premiums, and failed to include correct rates of pay. (Compl. ¶ 77.) Under California Labor Code § 226, if Plaintiff can successfully establish his claim on behalf of himself and the putative class members, Plaintiff and the putative class will be entitled to recover the greater of actual damages or penalties of $50 for the initial violation and $100.00 for each subsequent violation, not to exceed an aggregate penalty of $4,000 per class member.

42. The wage statement subclass consists of 323 direct Moldex employees who worked for Moldex during the applicable one-year statutory period from July 1, 2025 through present, and approximately 23 ESSG employees assigned to Moldex

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

from July 1, 2025 through present. (Rebollo Decl. ¶ 5, Mussell Decl. ¶ 6.) In total, these 346 employees worked a combined 10,767 pay periods during the statutory period. (*Id.*) Plaintiff's wage statement allegations are expressly tied to the same underlying minimum wage, overtime, and meal and rest period violations alleged throughout the Complaint. (Compl. ¶¶ 75-80.)

43. Because the wage statement violations are derivative of and coextensive with those predicate violations, a conservative assumption that Defendants issued non-compliant wage statements in connection with just 50% of all pay periods worked is well-supported by the complaint's allegations of systematic, policy-driven non-compliance. Applying that 50% violation rate to the 10,767 total pay periods yields 5,383.50 non-compliant wage statements issued during the statutory period. For the remaining 346 employees employed, the initial violation is penalized at $50 per employee, and each subsequent violation is penalized at $100 per employee, subject to the $4,000 per-employee aggregate cap. The wage statement penalty amount in controversy is **$852,552.00** (Giron Decl. ¶14)

44. **Waiting Time Penalty Claims.** Plaintiff additionally seeks waiting time penalties under Labor Code section 203 equal to up to 30 days of wages for all former employees who were not timely paid all wages owed upon separation. Waiting time penalties are calculated by multiplying the employee's daily rate of pay by the number of days the employer failed to pay, up to a maximum of 30 days. *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998) (holding that the penalty is "equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days," with the "critical computation" being "the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days").

45. Waiting time penalty claims are derivative of the underlying wage violations alleged in the Complaint. Where, as here, a putative class member was not paid for all hours worked, or was denied a compliant meal or rest period, and Defendants failed to remedy those violations at the time of the employee's separation,

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

that employee is entitled to up to 30 days of additional wages as a waiting time penalty. *See Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.*, 2023 WL 5246264, at *4 (C.D. Cal. Aug. 14, 2023). Given Plaintiff's allegations that Defendants "required Plaintiff and the other Class Members to work during meal and rest periods and failed to compensate Plaintiff and the other Class Members for work performed during meal and rest periods" (Compl. ¶¶ 55, 56, 63-65), it is reasonable to assume a 100% waiting time penalty violation rate as to all terminated class members. *See Haro v. Target Corp.*, 2025 WL 1898257, at *7 (C.D. Cal. July 9, 2025) (100% waiting time penalty violation rate reasonable on comparable allegations); *Valero v. MKS Instruments*, 2025 WL 72171, at *3 (C.D. Cal. Jan. 8, 2025) (100% rate appropriate and noting that "[t]o the extent that Plaintiffs seek to skirt the amount in controversy by arguing that Defendant committed infrequent or ad hoc violations, the Court is unpersuaded — if Plaintiffs do not believe that the alleged violations were widespread or regular, then this action is not appropriate for class-wide relief, and Plaintiffs should not have asserted their claims on behalf of a putative class"). At a 100% violation rate, the waiting time penalty amount in controversy is **$1,675,248** (340 terminated employees × 30 days × $20.53/hour × 8 hours/day). (Giron Decl. ¶15)

46. **Attorneys' Fees.** Plaintiff also seeks an award of attorneys' fees under the applicable Labor Code provisions should he prevail on any claim in this action. (Compl. Prayer for Relief ¶¶ 9, 15, 21, 44, 49.) Prospective attorneys' fees are properly included in the amount in controversy for CAFA jurisdictional purposes. *See Arias*, 936 F.3d at 922 ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy."). The Ninth Circuit uses 25% of the common fund as the benchmark for attorneys' fees awards in wage and hour class actions. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *5 (S.D. Cal. Mar. 6, 2009) ("In wage and hour cases, twenty-five percent is considered a benchmark for attorneys' fees in common fund cases."). Defendants

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

expressly deny that any attorneys' fees are owed to Plaintiff or any putative class member. For purposes of this jurisdictional analysis only, however, applying the 25% benchmark to the aggregate damages figures set forth herein yields estimated attorneys' fees of **$1,471,107.52** (Giron Decl., ¶ 16.)

47. As set forth above, and based solely on Plaintiff's own allegations, ESSG has established by a preponderance of the evidence that the total amount in controversy is at least **$7,335,553.59** exclusive of Plaintiff's additional claims for failure to timely pay wages during employment and failure to indemnify, each of which would further increase the aggregate amount in controversy if included (which ESSG reserves the right to do if removal is challenged). The component amounts are summarized as follows:

| | |
|---|---|
| Overtime | **$671,412.64** |
| Meal Break Penalties | **$895,217** |
| Rest Break Penalties | **$1,790,000.43** |
| Waiting Time Penalties | **$1,675,248** |
| Wage Statement Penalties | **$852,552** |
| Attorneys' Fees (25% benchmark) | **$1,471,107.52** |
| Total amount in controversy (conservative to maximum) | **$7,335,553.59** |

(Giron Decl., ¶17.)

44. Because the aggregate amount in controversy exceeds $5,000,000 under either the conservative or maximum calculation, CAFA's jurisdictional threshold is satisfied. 28 U.S.C. § 1332(d)(2).

## IV. REMOVAL IS PROPER UNDER CAFA

Based on the foregoing facts and allegations, the instant matter satisfies all the requirements of removal to federal court under CAFA and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a. This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

b. The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

c. The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

d. At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A).

1. Accordingly, this action is properly removable under 28 U.S.C. §§ 1332(d), 1441 and 1446.

2. The United States District Court for the Central District of California is the federal judicial district in which the Los Angeles County Superior Court sits. This action was originally filed in the Los Angeles County Superior Court , rendering venue in this federal judicial district proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

3. True and correct copies of the pleadings and documents attached to the Giron Declaration as Exhibits A–G, filed concurrently herewith, constitute all of the process, pleadings, orders, and other documents received by ESSG and/or filed in the state court action in Los Angeles County Superior Court.

4. Written notice of the filing of this Notice of Removal is being provided to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Superior Court of the State of California in and for the County of San Bernardino. The proof of service of this Notice of Removal will be filed with this Court.

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436

DATED: September 3, 2026

BALLARD ROSENBERG GOLPER & SAVITT, LLP

By: [signature]

DAVID FISHMAN
ALEC DIMARIO
INBAL GIRON
Attorneys for Defendant EMPLOYER SOLUTIONS STAFFING GROUP II, LLC

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436.

On September 3, 2026, I served true copies of the following document(s) described as **DEFENDANT EMPLOYER SOLUTIONS STAFFING GROUP II. LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446** on the interested parties in this action as follows:

Barbara DuVan-Clarke
Danielle L. GruppChang
P.J. Van Ert
Melissa Rodriguez
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone: (310) 622-4278
Facsimile: (855) 786-6356

BDC@blackstonepc.com
dgruppchang@blackstonepc.com
pjvanert@blackstonepc.com
mrodriguez@blackstonepc.com
bdcservice@blackstonepc.com

***Attorneys for Plaintiff***
***JESTIN BERTSCH***

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** By electronic mail transmission by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 3, 2026 at Encino, California.

Lisa Aguilar

**BALLARD ROSENBERG GOLPER & SAVITT, LLP**
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436