DAVID FISHMAN, SBN 217608
dfishman@brgslaw.com
ALEC DIMARIO, SBN 309811
adimario@brgslaw.com
INBAL GIRON, SBN 358681
igiron@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436
Telephone: (818) 508-3700
Facsimile: (818) 506-4827

Attorneys for Defendant
EMPLOYER SOLUTIONS STAFFING
GROUP II, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

JESTIN BERTSCH, individually, and on behalf of other similarly situated employees,

Plaintiff,

vs.

MOLDEX-METRIC, INC.; EMPLOYER SOLUTIONS STAFFING GROUP II, LLC; and DOES 1 through 25, inclusive,

Defendant.

Case No. 26STCV21102

**DECLARATION OF INBAL GIRON IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**

*[Filed concurrently with:*
*1. Notice of Removal and Removal;*
*2. Civil Cover Sheet;*
*3. Mussell Declaration;*
*4. Jang Declaration;*
*5. Notice of Interested Parties; and*
*6. Corporate Disclosure Statement.]*

(Los Angeles Superior Court, Case No. 26STCV21102)

Action Filed: July 1, 2026
Trial Date: None Set

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

# DECLARATION OF INBAL GIRON

I Inbal Giron, declare and state as follows:

1. I am an attorney with Ballard Rosenberg Golper & Savitt LLP, attorneys for Defendant Employer Solutions Staffing Group ("Defendant" or "ESSG") in the above-captioned matter. I am duly licensed to practice law in the State of California and before the United States District Court for the Central District of California. As Defendant's counsel, I have personal knowledge of the following facts, and if called to testify, could and would competently testify thereto. I submit this declaration in support of Defendant's Notice of Removal of Civil Action from State Court.

2. On July 1, 2026, Jestin Bertsch commenced this action by filing a class action complaint in the Superior Court for the State of California, County of Los Angeles, *Bertsch v. Moldex-Metric, Inc.; Employer Solutions Staffing Group II, LLC.*, Case No. 26STCV21102 ("Complaint"). A true and correct copy of the Complaint and Summons is attached hereto as **Exhibit A and B.**

3. On July 23, 2026, Plaintiff served Defendant Moldex-Metric Inc.'s ("Moldex") agent for service of process with a copy of the Summons and Complaint.

4. On August 6, 2026, Plaintiff served ESSG's agent for service of process with a copy of the Complaint (Exh. A) Summons (Exh. B).

5. On July 23, 2026, Plaintiff filed a proof of service of the Summons and Complaint as to Moldex in the State Court Action, a true and correct copy of which is attached here to as **Exhibit C.**

6. On August 6, 2026, Plaintiff filed a proof of service of the Summons and Complaint as to ESSG in the State Court Action, a true and correct copy of which is attached here to as **Exhibit D.**

7. I understand that on August 6, 2026, Plaintiff served Defendant Employer Solutions Staffing Group II, LLC's agent for service of process with a copy of the Summons and Complaint. I understand that ESSG consents to removal.

8. On July 1, 2026, the Los Angeles County Superior Court issued a Notice

of Case Assignment, which is attached here to as **Exhibit E.**

9. The documents attached hereto as Exhibits A through E constitute all process, pleadings, or orders related to this case that were filed and/or served upon Defendant or filed or received in the State Court Action.

10. As of the date of this Notice of Removal, I am unaware of any other parties being named/served with the Summons and Complaint in this action, other than Employer Solutions Staffing Group II, LLC., and Moldex-Metric, Inc.

11. Second, and independently, removability was not apparent from the face of the Complaint because Plaintiff did not allege that the amount in controversy exceeds $5,000,000. *See Sevag Chalian v. CVS Pharmacy Inc.*, No. CV 16-08979-AB (AGRx), 2017 WL 1377589, at *2 (C.D. Cal. Apr. 11, 2017). ESSG did not ascertain that the action was removable until August 26, 2026, when it reviewed data related to the putative class as alleged in this action. Removal is timely under either analysis.

12. These allegations support the reasonable assumption that each putative class member worked at least 30 minutes of uncompensated overtime per workweek. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 926–27 (9th Cir. 2019) (affirming that an assumption of 30 minutes of unpaid overtime per week is reasonable for amount-in-controversy purposes where the complaint alleges systematic off-the-clock work). Applying 30 minutes of unpaid overtime per workweek at the average hourly rate of $20.35, multiplied by the applicable 1.5 overtime premium, yields a total overtime amount in controversy of no less than **$671,412.64** ($20.35× 0.5 hours × 43,991workweeks × 1.5).

13. Applying this conservative 20% violation rate — one meal period violation per workweek and two rest period violations per workweek — at the average hourly rate of $20.35, the meal period premium claim contributes **$895,217** to the amount in controversy, and the rest period premium claim contributes an additional **$1,790,000.43**, for a combined meal and rest period amount in controversy of

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

**$2,685,217.43.**

14. Because the wage statement violations are derivative of and coextensive with those predicate violations, a conservative assumption that Defendants issued non-compliant wage statements in connection with just 50% of all pay periods worked is well-supported by the complaint's allegations of systematic, policy-driven non-compliance. Applying that 50% violation rate to the 10,767 total pay periods yields 5,383.50 non-compliant wage statements issued during the statutory period. For the remaining 346 employees employed, the initial violation is penalized at $50 per employee, and each subsequent violation is penalized at $100 per employee, subject to the $4,000 per-employee aggregate cap. The wage statement penalty amount in controversy is **$852,552.00**.

15. Waiting time penalty claims are derivative of the underlying wage violations alleged in the Complaint. Where, as here, a putative class member was not paid for all hours worked, or was denied a compliant meal or rest period, and Defendants failed to remedy those violations at the time of the employee's separation, that employee is entitled to up to 30 days of additional wages as a waiting time penalty. *See Wilcox v. Harbor UCLA Med. Ctr. Guild, Inc.*, 2023 WL 5246264, at *4 (C.D. Cal. Aug. 14, 2023). Given Plaintiff's allegations that Defendants "required Plaintiff and the other Class Members to work during meal and rest periods and failed to compensate Plaintiff and the other Class Members for work performed during meal and rest periods" (Compl. ¶¶ 55, 56, 63-65), it is reasonable to assume a 100% waiting time penalty violation rate as to all terminated class members. *See Haro v. Target Corp.*, 2025 WL 1898257, at *7 (C.D. Cal. July 9, 2025) (100% waiting time penalty violation rate reasonable on comparable allegations); *Valero v. MKS Instruments*, 2025 WL 72171, at *3 (C.D. Cal. Jan. 8, 2025) (100% rate appropriate and noting that "[t]o the extent that Plaintiffs seek to skirt the amount in controversy by arguing that Defendant committed infrequent or ad hoc violations, the Court is unpersuaded — if Plaintiffs do not believe that the alleged violations were widespread or regular, then

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

this action is not appropriate for class-wide relief, and Plaintiffs should not have asserted their claims on behalf of a putative class"). At a 100% violation rate, the waiting time penalty amount in controversy is **$1,675,248** (340 terminated employees × 30 days × $20.53/hour × 8 hours/day).

16. **Attorneys' Fees.** Plaintiff also seeks an award of attorneys' fees under the applicable Labor Code provisions should he prevail on any claim in this action. (Compl. Prayer for Relief ¶¶ 9, 15, 21, 44, 49.) Prospective attorneys' fees are properly included in the amount in controversy for CAFA jurisdictional purposes. *See Arias*, 936 F.3d at 922 ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy."). The Ninth Circuit uses 25% of the common fund as the benchmark for attorneys' fees awards in wage and hour class actions. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *5 (S.D. Cal. Mar. 6, 2009) ("In wage and hour cases, twenty-five percent is considered a benchmark for attorneys' fees in common fund cases."). Defendants expressly deny that any attorneys' fees are owed to Plaintiff or any putative class member. For purposes of this jurisdictional analysis only, however, applying the 25% benchmark to the aggregate damages figures set forth herein yields estimated attorneys' fees of **$1,471,107.52**

17. As set forth above, and based solely on Plaintiff's own allegations, ESSG has established by a preponderance of the evidence that the total amount in controversy is at least **$7,335,553.59** exclusive of Plaintiff's additional claims for failure to timely pay wages during employment and failure to indemnify, each of which would further increase the aggregate amount in controversy if included (which ESSG reserves the right to do if removal is challenged). The component amounts are summarized as follows:

| | |
|---|---|
| Overtime | **$671,412.64** |

| | |
|---|---|
| Meal Break Penalties | **$895,217** |
| Rest Break Penalties | **$1,790,000.43** |
| Waiting Time Penalties | **$1,675,248** |
| Wage Statement Penalties | **$852,552** |
| Attorneys' Fees (25% benchmark) | **$1,471,107.52** |
| Total amount in controversy (conservative to maximum) | **$7,335,553.59** |

14. Defendant is a corporation incorporated under the laws of the State of Delaware and is not a state, state official, or any other governmental entity within the meaning of 28 U.S.C. § 1332(d)(5).

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on this 3rd day of September, 2026, at Encino, California.

INBAL GIRON, Declarant

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436.

On August 3, 2026, I served true copies of the following document(s) described as **DECLARATION OF INBAL GIRON IN SUPPORT OF NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446** on the interested parties in this action as follows:

Barbara DuVan-Clarke
Danielle L. GruppChang
P.J. Van Ert
Melissa Rodriguez
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone: (310) 622-4278
Facsimile: (855) 786-6356

BDC@blackstonepc.com
dgruppchang@blackstonepc.com
pjvanert@blackstonepc.com
mrodriguez@blackstonepc.com
bdcservice@blackstonepc.com

***Attorneys for Plaintiff***
***JESTIN BERTSCH***

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** By electronic mail transmission by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List. I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 3, 2026, at Encino, California.

______________________________

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436